IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PHYLLIS M., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-443-KFP |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Phyllis M. filed a complaint in federal court on July 26, 2024. Doc. 1. Defendant Carolyn W. Colvin filed a Motion to Dismiss,[2] arguing that Plaintiff's Complaint was not timely filed and she is not entitled to equitable tolling (Doc. 5), to which Plaintiff responded in opposition (Doc. 8). The issue is now fully briefed and ripe for review. The parties consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. 636(c). *See* doc. 9. Upon consideration, the undersigned finds the motion should be GRANTED, as explained below.

---

[1] Plaintiff filed her complaint against Martin O'Malley, but the acting Commissioner of Social Security is now Colvin.

[2] Defendant provided that, in the alternative, the Court could consider the motion as one for summary judgment and attached a declaration of Rosanna Mapp. *See* Fed. R. Civ. P. 12(d). However, the Court did not find it necessary to extend beyond the pleading to make its determination and thus did not consider the declaration. Consequently, the Court did not convert the motion into one for summary judgment. *See Harper v. Lawrence County*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings.").

I.     **STANDARD OF REVIEW**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must include factual allegations that support each essential element of her claim. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true the factual allegations and construe them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679; *Strickland v. Alexander*, 772 F.3d 876, 882 (11th Cir. 2014). A complaint does not require detailed factual allegations; however, inadequately supported legal conclusions are not entitled to assumption of truth. *Twombly*, 550 U.S. at 555; *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

II.    **BACKGROUND**[3]

On April 19, 2024, the Appeals Council memorialized its final decision, which was fully favorable to Plaintiff, in a Notice of Appeals Council Decision. (Doc. 1-2 at 44–49). This notice was subsequently mailed to Plaintiff, and she allegedly received it in June 2024.

---

[3] The Court only recites those facts pertinent to the Motion to Dismiss.

Plaintiff went to the Social Security Office (SSO) on June 11, 2024[4] to file an appeal of the decision. She claims the SSO initially gave her the wrong information about how to appeal, and that this mistake was not rectified until Mr. Patton of the SSO informed her on July 24, 2024, that she needed to file a complaint in federal court. Doc. 1 at 1, 3; Doc. 8 at 2. Plaintiff then filed her Complaint in federal court on July 26, 2024.

### III. DISCUSSION

Defendant argues that Plaintiff's Complaint was untimely filed in federal court because she did not file "within 60 days after [her] presumptive receipt of notice of the Commissioner's final decision, and the Appeals Council did not grant Plaintiff an extension of time to file a civil action." Doc. 5 at 3. Defendant further argues that Plaintiff is not entitled to equitable tolling because she has not shown extraordinary circumstances as required under Eleventh Circuit caselaw. The Court addresses each of Defendant's arguments in turn.

#### A. Timeliness

The Notice of Appeals Council Decision was dated April 19, 2024, (Doc. 1 at 1; Doc. 1-2 at 44), thus imposing a deadline of June 23, 2024, for Plaintiff to file a request for judicial review. *See* 20 C.F.R. § 422.210(c). But Plaintiff did not file her complaint until July 26, 2024. Plaintiff asserts that she did not receive her "appeal Letter From the Council Review Judge" until an unidentified date in June. Doc. 8 at 2. She further asserts

---

[4] In her Complaint, Plaintiff wrote that she went to the SSO on April 11, 2024, to file her appeal. Doc. 1 at 1, 3. However, that date cannot be correct based on the notice's date of April 19, 2024. The Court presumes this is a mistake by Plaintiff, and that she meant June 11, 2024, as that is the date provided in her response brief for her SSO visit and is corroborated by other evidence she attached to her Complaint. *See* Doc. 1-2 at 7, 43.

3

that after receipt of the notice, she went to the SSO on June 11, but the staff at the office did not tell her where to file her appeal until July 24, 2024. Doc. 8 at 2. It appears Plaintiff is claiming the 60-day request period did not begin until June, so her Complaint (her request for judicial review) was not untimely.

Under the Commissioner's regulations, a civil action "must be instituted within 60 days after . . . notice of the decision by the Appeals Council is received by the individual[.]" 20 C.F.R. § 422.210(c). "[N]otice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, *unless there is a reasonable showing to the contrary*." *Id.* (emphasis added). "Thus, a claimant generally has 65 days from the date on the notice to file his complaint." *Wurst v. Comm'r of Soc. Sec.*, 767 F. App'x 842, 843–44 (11th Cir. 2019) (citations omitted).[5]

The Court finds that the Complaint is untimely because the regulations provide a presumptive receipt date and Plaintiff has made no reasonable showing to the alternative. Plaintiff provided no allegations in her Complaint or response brief that "establishe[d] to any degree of certainty the actual date [P]laintiff received the Appeals Council's notice." *See Roberts v. Shalala*, 848 F. Supp. 1008, 1012 (M.D. Ga. 1994). Plaintiff also did not provide an affidavit or any other form of evidence to support her claim that she received the notice in June. Without any form of evidence beyond Plaintiff's alleged month of receipt, the Court cannot find that Plaintiff provided a "reasonable showing" sufficient to rebut the regulatory presumption. *See Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d

---

[5] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

1354, 1356–57 (S.D. Ala. 2002) ("In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt."); *Acres v. Comm'r of Soc. Sec. Admin.*, 2013 WL 4774753, at *2 (M.D. Fla. Sept. 4, 2013) ("In the instant case, [p]laintiff offers neither a sworn statement nor any corroborating evidence. Accordingly, [p]laintiff has failed to make a reasonable showing sufficient to overcome the presumption that he received the letter from the Appeals Council on January 12, 2013." (citing *Johnson v. Astrue*, 2008 WL 435180, at *4 (M.D. Fla. Feb.14, 2008)); *Martin v. Berryhill*, 2017 WL 8813083, at *7 (N.D. Fla. May 10, 2017), *report and recommendation adopted*, 2018 WL 659200 (N.D. Fla. Feb. 1, 2018).

Additionally, Plaintiff's own evidence attached to her Complaint shows that she was aware of how to request judicial review through the filing of a civil action in federal court. Plaintiff attached the Appeals Council's notice to her Complaint, and on it a star has been drawn next to the paragraph under the heading "How To File a Civil Action." Doc. 1-2 at 44. And these beginning words of the paragraph: "You may file a civil action (ask for court review)" have been underlined and partially circled. Doc. 1-2 at 44. The full sentence reads, "You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live." Doc. 1-2 at 44. Thus, Plaintiff was aware that the next step if she disagreed with the decision of Appeals Council was to file a civil action (a complaint) in district court. Even if these annotations were not made until after her meeting with Mr. Patton on July 24, 2024, the notice states on its first page that if she disagrees with the decision of the Appeals Council, she can ask for court review

by filing a civil action and provides information on how and what a civil action is. Doc. 1-2 at 44. On its second page, the notice informed Plaintiff that: (1) she had 60 days to file the civil action, (2) the 60-day countdown begins the day after she receives the letter, and (3) it is assumed she received the letter five days after the date on the letter unless she can show otherwise. Doc. 1-2 at 45. While the Court empathizes with the difficulties of navigating the regulatory scheme of social security appeals, in this instance, the Notice of Appeals Council Decision provided clear guidance on the next steps if Plaintiff disagreed with the Appeals Council's decision.

Accordingly, the Court finds that the Complaint—Plaintiff's request for court review—was untimely filed.

### B. Equitable Tolling

The Court presumes that Plaintiff's argument is that because the SSO did not tell her where to file her appeal until July 24, 2024, she is entitled to equitable tolling of the 60-day filing requirement.

The Eleventh Circuit explained that "the Supreme Court has held 'that application of a traditional equitable tolling principle to the 60–day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress.'" *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (quoting *Bowen v. City of New York,* 476 U.S. 467, 480 (1986)). Thus, the Eleventh Circuit held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." *Id.*; *see also Wurst*, 767 F. App'x at 844 ("[W]e have held that equitable tolling can apply to an untimely filed complaint when the claimant shows

that his untimely filing was justified by extraordinary circumstances." (citing *Jackson*, 506 F.3d at 1353)). "The extraordinary circumstances standard, [the Eleventh Circuit] explained, may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her[.]'" *Jackson*, 506 F.3d at 1353 (quoting *Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 922 (11th Cir. 2006) (per curiam)). "Additionally, in order to apply equitable tolling, courts usually require some *affirmative misconduct,* such as deliberate concealment." *Waller*, 168 F. App'x at 921 (quoting *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1155 (11th Cir. 2005)).

Here, Plaintiff has not demonstrated extraordinary circumstances to justify equitable tolling of her untimely Complaint. First, she has not shown that Defendant misled her. Although she claims that the SSO did not initially inform her that she must file a civil action in federal court and did not rectify its mistake until July, as previously explained, the notice clearly laid out her next steps if she disagreed with the decision of the Appeals Council. Moreover, it does not appear from the allegations that the SSO deliberately delayed Plaintiff or engaged in any other form of affirmative misconduct. *See Waller*, 168 F. App'x at 921. Rather, it appears that the SSO initially misunderstood the stage of Plaintiff's case and thus gave her a "Request For Review of Hearing Decision/Order" used to appeal *to* the Appeals Council, not appeal *from* the Appeals Council. Doc. 1-2 at 43. And upon realizing the mistake, an SSO employee reached out to Plaintiff and explained that she had to file in federal court. These facts do not support a finding of deliberate delay. Second, Plaintiff does not allege she had no reasonable way of discovering the wrong

perpetrated against her. To the contrary, the notice provided her with explicit instructions on how and when to file a civil action.

Accordingly, Plaintiff's untimely Complaint is not subject to equitable tolling.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned finds that Defendant's Motion to Dismiss (Doc. 5) is GRANTED.

DONE this 8th day of January, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE